IN THE COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 21-10162-AA

LANGSTON AUSTIN, and ERNEST FULLER III,
on behalf of themselves and all others similarly,

Plaintiffs-Appellants,

v.

GLYNN COUNTY, GEORGIA, *et al.*

Defendants-Appellees.

On appeal from the United States District Court for the
Southern District of Georgia
No. 2:20-cv-00073-LGW-BWC

**BRIEF OF APPELLANTS**

PATRICK HANNON
Georgia Bar No. 074321
HALL & LAMPROS, LLP
400 Galleria Pkwy
Suite 1150
Atlanta, GA 30339
(404) 876-8100
(404) 876-3477 facsimile
patrick@hallandlampros.com
*Counsel for Appellants Langston Austin and
Ernest Fuller II*

**CERTIFICATE OF INTERESTED PERSONS**

Under Rule 26.1 of the Federal Rules of Appellate Procedure and Local Rule 26.1-1, Appellants Langston Austin and Ernest Fuller III file this Certificate of Interested Persons and Corporate Disclosure Statement. The following is a list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

1.    Austin, Langston

2.    Barto, Brittany A.

3.    Cheesbro, Hon. Benjamin W.

4.    Fuller III, Ernest

5.    Gillen, Withers & Lake, LLC

6.    Glynn County, Georgia

7.    Hall, Christopher

8.    Hall & Lampros, LLP

9.    Hannon, Patrick J.

10.   Jump, E. Neal

11.    Lampros, Peter Andrew

12.    Mumford, Aaron

13.    Padgett, Joseph Richard

14.    Roden Law Firm

15.    Van Remmen II, Gordon

16.    Withers, Thomas A.

17.    Wood, Hon. Lisa G.

18.    Former Glynn County detention officers (currently unknown) who may have rights under the Fair Labor Standards Act.

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiffs-Appellants respectfully request oral argument because it would significantly aid this Court's decisional process. See FED. R. APP. P. 34(a)(2)(C); 11th Cir. R. 34-3(b)(3). Oral argument would help the Court analyze the Fair Labor Standard Act's definition of the term "employer" and the caselaw applying that definition to public officials.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS**...................................................... i

**STATEMENT REGARDING ORAL ARGUMENT** ......................................... iii

**TABLE OF CONTENTS** ...................................................................... iv

**TABLE OF CITATIONS** ...................................................................... vi

**STATEMENT OF JURISDICTION**.................................................. viii

**STATEMENT OF THE ISSUES**.............................................................1

**STATEMENT OF THE CASE**................................................................2

**STANDARD OF REVIEW** ....................................................................6

**SUMMARY OF THE ARGUMENT** ....................................................7

**ARGUMENT AND CITATIONS OF AUTHORITY** ............................9

   **I.   This Court Should Reconsider *en banc* Its Holding in *Welch* That Public Officials In Their Individual Capacity Cannot Be "Employers" Under The FLSA Because The Rule In *Welch* Is Contrary To The Plain Language Of The FLSA, Supreme Court Precedent, And the Majority View.**.....................9

   **II.   The District Court Erred In Applying The Manders Factors When Determining That Sheriff Jump Was Entitled To Sovereign Immunity.**.......17

**A. The State of Georgia Does Not Identify Sheriffs as an 'Arm of the State' as it Relates to Compensations Decisions.** ...........................................18

**B. Degree of Control the State Maintains Over the Entity.** .......................19

**C. Where the Entity Derives Its Funds.** ........................................................20

**D. Liability for and Payment of Adverse Judgments.** .................................21

**III. The State of Georgia, On Behalf of Glynn County and Sheriff Jump In His Official Capacity Has Waived Sovereign Immunity For Appellants' Claims Because Payment of The Salary Is a Perfunctory Administrative Duty.** ...........................................................................................................21

**CONCLUSION** ...........................................................................................................22

# TABLE OF CITATIONS

## Cases

*Abusaid v. Hillsborough* Cty. Bd. of Cty. Comm'rs, 405 F.3d 1298, 1303 (11th Cir. 2005) ..................................................................................................6

*Blevins v. Aksut*, 849 F.3d 1016, 1018–19 (11th Cir. 2017)....................................6

*Bonzani v. Shinseki,* 895 F.Supp.2d 1003 (2012) ................................................16

*Cockrell v. Sparks*, 510 F.3d 1307, 1310 (2007) ......................................................6

*Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002) ..........................................15

*Fraternal Order of Police Barkley Lod. v. Fletcher*, 618 F.Supp.2d 712, 715-22 (W.D.Ky. 2008)..............................................................................................16

*Fulton Cty. v. Lord*, 323 Ga. App. 384, 390, 746 S.E.2d 188, 194 (2013) ... 3, 8, 21, 22

*Hafer v. Melo*, 502 U.S. 21, 28, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) ....... passim

*Haybarger v. Lawrence Cty. Adult Prob. & Parole,* 667 F.3d 408, 417 (3d Cir. 2012)...............................................................................................................15

*Hundertmark v. Fla. Dep't of Transp.*, 205 F.3d 1272, 1274 (11th Cir. 2000).........6

*Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) ............................................................................................................9

*Keene v. Prine*, 477 F. App'x 575, 578 (11th Cir. 2012) ................................. 19, 20

*Kicklighter v. Goodrich*, 162 F. Supp. 3d 1363, 1368–69 (S.D. Ga. 2016) ..... 17, 20

*Luder v. Endicott*, 253 F.3d 1020, 1022 (2001) ............................................ 12, 14

*MacIntyre v. Moore*, 335 F.Supp.3d 402, 419-20 (W.D.N.Y. 2018) ........... 7, 12, 14

*Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) .................................. passim

*Mitchell v. Chapman*, 343 F.3d 811, 832 (6th Cir. 2003) ........................... 15, 16

*Modica v. Taylor*, 465 F.3d 174, 186-87 (5th Cir. 2006) ...................................15

*Pellitteri v. Prine,* 776 F.3d 777 (11th Cir. 2015) ........................................... 18, 19

*Rasic v. City of Northlake*, 563 F.Supp.2d 885, 890-91 (2008) .............................16

*Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1199 (11th Cir. 2016)...................6

*Walker v. Jefferson Cty. Bd. of Educ.*, 771 F.3d 748 (11th Cir. 2014)......... 8, 18, 19

*Wascura v. Carver*, 169 F.3d 683, 686 (1999) ................................................ passim

*Welch v. Laney,* 57 F.3d 1004, 1011 (1995) .................................................... passim

**Statutes**

29 U.S.C. § 201, *et seq*..........................................................................................2

29 U.S.C.A. § 203.................................................................................................13

29 U.S.C.A. § 203(d)..........................................................................................9, 10

O.C.G.A. § 42–4–1(a) ..........................................................................................19

## STATEMENT OF JURISDICTION

This is an appeal from a final judgment of the United States District Court for the Southern District of Georgia, Brunswick Division, entered on January 8, 2021. (Doc. 32) The judgment dismissed Appellants' amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 32) A prior order of the district court denied Appellants' Motion for Leave to File Second Amend the Complaint. (Doc. 20) The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 1331. Appellants filed a timely notice of appeal on January 15, 2021. (Doc. 33) This Court has appellate jurisdiction 28 U.S.C. § 1291.

**STATEMENT OF THE ISSUES**

1.     The Fair Labor Standards Act provides that employers must pay overtime wages to non-exempt employees for hours worked over 40 hours per week. Appellants sued Sheriff Jump in his individual capacity under the FLSA for unpaid overtime, but the district court dismissed, concluding it was bound by *Welch v. Laney,* 57 F.3d 1004, 1011 (1995), and *Wascura v. Carver*, 169 F.3d 683, 686 (1999). But this Court is the only circuit court to so rule, and the majority view is that public officials in their individual capacity are subject to suit under the FLSA. Should this Court reconsider *en banc* its view and adopt the holding of all other circuits to address the issue?

2.     Whether the district court erred in its application of the *Manders* factors to determine whether Sheriff Jump was acting as an "arm of the State" and therefore immune from liability in federal court?

3.     Whether the State of Georgia, on behalf of Glynn County and Sheriff Jump in his official capacity, waived sovereign immunity for Appellants' claims because (1) payment of an employee's salary is a perfunctory administrative duty not a protected government function, and (2) there is no sovereign immunity defense for an employment-related claim for wages because it sounds in contract, not tort, and the State has waived sovereign immunity?

1

## STATEMENT OF THE CASE

Appellants Langston Austin and Ernest Fuller III ("Appellants") filed the complaint in this case seeking unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Doc. 1) Appellants alleged that they worked for Glynn County as non-exempt detention officers and Glynn County routinely failed to pay overtime wages as required by the FLSA. (Doc. 1 at ¶¶ 14, 37) The complaint, filed on July 6, 2020, named as a defendant Glynn County, Georgia (the "County"). (Doc. 1 at ¶ 2) The complaint was brought on behalf of Austin and Fuller individually, and as a collective action on behalf of other similarly situated detention officers who were denied overtime wages. (Doc. 1 at ¶ 39)

The County moved to dismiss for failure to state a claim and lack of subject matter jurisdiction. (Doc. 5) Appellants then amended their complaint as matter of right, adding Sheriff Neal Jump (the "Sheriff Jump") as a defendant in his individual capacity. (Doc. 7) The district court denied the then pending motion to dismiss as moot. (Doc. 10)

The County and Sheriff Jump moved to dismiss the amended complaint, arguing that (1) Glynn County has no FLSA liability because it is not the Appellants' employer, and (2) that Sheriff Jump in his individual capacity also is not Appellants' employer. (Doc. 11-1 at 5-10)

2

Appellants then moved for leave to file a second amended complaint. (Doc. 13) Appellants proposed Second Amended Collective Action Complaint would have added Sheriff Jump as a defendant in his official capacity. (Doc. 13-1) Other than that addition, the second amended complaint was materially the same as the amended complaint. (Doc. 13 at 1-2)

The County and Sheriff Jump responded that the district court should deny leave to amend because amendment would be futile. (Doc. 15 at 2) They argued that, if Sheriff Jump in his official capacity were added as a defendant, the FLSA claims against Sheriff Jump would be subject to dismissal because the Sheriff in his official capacity is protected by Eleventh Amendment immunity. (Doc. 15 at 3-5) Glynn County and Sheriff Jump argued that the district court should apply the four-factors from *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) to determine whether Sheriff Jump in his official capacity is an "arm of the state" entitled to Eleventh Amendment immunity. (Doc. 15 at 3-4)

Appellants replied that the State of Georgia waived sovereign immunity for claims for wages, relying on *Fulton Cty. v. Lord*, 323 Ga. App. 384, 390, 746 S.E.2d 188, 194 (2013). (Doc. 18 at 4-5) Appellants also argued that they should be permitted discovery before the court applies the *Manders* test and that, even if the court were to apply the *Manders* test at this stage of the case, Sherriff Jump is not immune. (Doc. 18 at 6-9)

3

The district court denied leave to amend on November 13, 2020. (Doc 20) To determine whether Sheriff Jump in his official capacity was an "arm of the State" entitled to Eleventh Amendment immunity, the district court applied the four-factor *Manders* analysis: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." (Doc 20 at 4) The district court found that the first, second, and third factors weighed in favor of immunity and that the fourth factor weighed against immunity. Therefore, the district court concluded that on balance the *Manders* factors weighed in favor of immunity. (Doc. 20 at 8) The district court rejected Appellant's waiver argument and denied leave to amend, finding that leave would be futile. (Doc. 20 at 11)

On January 7, 2021, the district court dismissed the County and Sheriff Jump in his individual capacity. (Doc. 31) The court concluded as a matter of law that the County was not Appellants' "employer" under the FLSA because under Georgia law counties do not employ those working for elective offices. (Doc. 31 at 6) The district court also found that Sheriff Jump in his individual capacity also was not an "employer" under the FLSA. (Doc. 31 at 9-12) The district court reasoned that it was bound by two 11th Circuit Cases: *Welch v.*

*Laney*, 57 F.3d 1004, 1011 (1995) (Alabama sheriff in his individual capacity was not an "employer" under the Equal Pay Act); and *Wascura v. Carver*, 169 F.3d 683 (1999) (various city officials in their individual capacity are not an "employers" under the Family and Medical Leave Act). Therefore, the district court granted the motion to dismiss. (Doc. 31 at 12) The district court entered final judgment on January 8, 2021. (Doc. 32)

Appellants timely filed their notice of appeal on January 15, 2021. (Doc. 33)

## STANDARD OF REVIEW

This Court reviews *de novo* the dismissal of a complaint for failure to state a claim. *Blevins v. Aksut*, 849 F.3d 1016, 1018–19 (11th Cir. 2017); *see also Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1199 (11th Cir. 2016). (questions of statutory interpretation are reviewed de novo). This Court also "reviews *de novo* a district court's ruling regarding Eleventh Amendment immunity." *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1303 (11th Cir. 2005) (*citing Hundertmark v. Fla. Dep't of Transp.*, 205 F.3d 1272, 1274 (11th Cir. 2000)). This Court reviews *de novo* a decision that a particular amendment to the complaint would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (2007).

## SUMMARY OF THE ARGUMENT

In 1995, with little analysis, this Court concluded that a public official sued in his individual capacity could not be an "employer" under the Fair Labor Standards Act (FSLA). *See Welch v. Laney,* 57 F.3d 1004, 1011 (1995). In *Wascura v. Carver*, 169 F.3d 683, 686 (1999), this Court reaffirmed that holding, concluding that "*Welch* establishes as the law of this circuit that a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA." In the years since *Welch* and *Wascura* several circuit courts have addressed whether public officials sued in their individual capacity can be an "employer," and none has agreed with this Court.

The district court found as a matter of law that Sheriff Jump in his individual capacity—regardless of his conduct—could never be an "employer" under the FLSA. Appellants argued that the broad definition of "employer" in the FLSA by its plain language includes Sheriff Jump in his individual capacity. But the district court held that it was bound by this Court's precedent in *Welch* and *Wascura*.

The rule in those two cases, however, has been widely criticized and has become the clear minority view. *See MacIntyre v. Moore*, 335 F.Supp.3d 402, 419-20 (W.D.N.Y. 2018) (citing cases and describing the majority view as holding that public officials can be found individually liable as an "employer" under the FLSA). Also, the holdings of *Welch* and *Wascura* conflict with *Hafer v. Melo*, 502 U.S. 21,

7

28, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). This Court should reconsider *en banc* the rule in *Welch* and *Wascura* and conclude that Appellants can sue Sheriff Jump in his individual capacity. (Contemporaneously with the filing of this brief, Appellants are filing a petition for hearing *en banc*).

Further, Sheriff Jump was not acting as an 'arm of the State' when determining (and withholding) Appellants' overtime wages. Therefore, Sheriff Jump does not enjoy Eleventh Amendment immunity from Appellants' FLSA claims. The district court erroneously applied the four-factor test set out in *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003). The district court also wrongly applied *Walker v. Jefferson Cty. Bd. of Educ.*, 771 F.3d 748 (11th Cir. 2014) in holding that compensation of employees is a state action because it falls into a category of "employee-related decisions". The panel in *Walker*, actually found that the two school boards at issue were not "arms of the State" with respect to employment-related decisions and therefore were not immune.

Third, under Georgia law state officials, such as Defendant Jump in his official capacity, do not enjoy sovereign immunity from claims brought by public employees pursuant to the FLSA because such employment claims sound in contract, not tort. *Fulton Cty. v. Lord*, 323 Ga. App. 384, 389–90, 746 S.E.2d 188, 194 (2013) (immunity is not a defense to an employment related dispute for unpaid wages).

8

## ARGUMENT AND CITATIONS OF AUTHORITY

I.   **This Court Should Reconsider *en banc* Its Holding in *Welch* That Public Officials In Their Individual Capacity Cannot Be "Employers" Under The FLSA Because The Rule In *Welch* Is Contrary To The Plain Language Of The FLSA, Supreme Court Precedent, And the Majority View.**

The FLSA provides:

> "Employer" includes **any person** acting directly or indirectly in the interest of an employer in relation to an employee and **includes a public agency**, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S.C.A. § 203(d) (emphasis added). This Court has noted that this is a broad definition. *See Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1298 (11th Cir. 2011) (the FLSA's definition of "employer" includes not only the employer for whom the employee directly works but also "any person acting directly or indirectly in the interests of an employer in relation to an employee"). Thus, with respect to private employers, this Court has held that the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a claim against any person who (1) acts on behalf of that employer, and (2) asserts control over conditions of the employee's employment. *Id.*

9

This Court applies a different rule, however, for public officials in their individual capacity. The district court dismissed Appellants' claims against Sheriff Jump in his individual capacity because it was bound by two Eleventh Circuit cases: *Welch v. Laney*, 57 F.3d 1004 (1995), and *Wascura v. Carver*, 169 F.3d 683 (1999). (Doc. 31 at 11) ("[T]he Court is bound by the decisions of the Eleventh Circuit, and Plaintiffs do not cite any authority that would permit the Court to deviate from the Circuit's precedent"). The panel in *Wascura* noted that it was similarly bound. *See Wascura* 169 F.3d at 687 ("[W]e are bound by the *Welch* decision regardless of whether we agree with it").

This Court sitting *en banc*, however, should question the reasoning of *Welch*. The reasoning of *Welch* is contrary to the plain language of the FLSA and is contracted by *Hafer v. Melo*, 502 U.S. 21, 28, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

In *Welch,* a dispatcher for the county sheriff's department brought, among other claims, an Equal Pay Act claim[1] against the sheriff individually and in his official capacity. *Welch*, 57 F.3d at 1007. This Court noted the statutory definition of an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includ[ing] a public

---

[1] The Equal Pay Act amends the FLSA and uses the same definition of "employer." *See* 29 U.S.C. § 203(d).

10

agency...." *Id.* at 1011. This Court concluded that the dispatcher stated a claim against the sheriff in his official capacity but that the district court correctly dismissed the dispatcher's claims against the sheriff in his individual capacity "because [the sheriff] in his individual capacity had no control over [the dispatcher's] employment and does not qualify as [the dispatcher's] employer under the Act." *Id.* Thus, although *Welch* cited the FLSA's definition of employer, its conclusion that the sheriff could not be sued individually did not rest on the language of the definition. Rather, it rests on the reasoning that the sheriff, as an individual, did not have legal authority to control the dispatcher.

This Court in *Wascura v. Carver*, 169 F.3d 683, 685 (1999), addressed whether a Family and Medical Leave Act ("FMLA") claim could be brought against public officials in their official capacities. This Court found the definitions of "employer" in the FLSA and the FMLA to be materially identical. *Wascura*, 169 F.3d at 685-86. Therefore, the Court held, it was bound by the holding in *Welch* that public officials sued in their individual capacities are not "employers" under the FLSA. *Id.* The plaintiff argued that reasoning of *Welch* was inadequate to support its holding, but the panel in *Wascura* held that it could not consider such an argument because it was bound regardless of whether it agreed with the *Welch* decision. *Id.* at 687.

This reasoning of *Welch* has been criticized elsewhere, most notably by the Seventh Circuit in *Luder v. Endicott*, 253 F.3d 1020, 1022 (2001).[2] There, the Seventh Circuit described *Welch* and *Wascura* as holding that "a public officer sued in his individual capacity cannot be an employer because it is only in his official capacity that he has authority over the employees' terms of employment." *Id.* The Seventh Circuit went on to explain its disagreement with this Court's reasoning:

> With respect, we think that this cannot be right, as it would imply that a police officer who used excessive force against a person he was arresting could not be sued in his individual capacity because it was only by virtue of his office that he had the authority to make the arrest. Power and authority are not synonyms. If the allegations of the complaint are true (as we must assume they are, given the posture of the case), the defendants had and exercised the raw power to deny the plaintiffs their rights under the FLSA. In any event, the distinction on which the Eleventh Circuit relied had been swept away by the Supreme Court in *Hafer v. Melo*, 502 U.S. 21, 28, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), which neither of the Eleventh Circuit cases cited.

*Luder*, 253 F.3d at 1022 (rejecting the reasoning of *Welch* and *Wascura* as inconsistent with the Supreme Court's holding in *Hafer*).

---

[2] Other cases criticizing *Welch* or *Wascura* include: *MacIntyre v. Moore*, 335 F.Supp.3d 402, 419-20 (2018) ("an examination of *Wascura* indicates that the Eleventh Circuit failed to undertake a textual analysis of the FLSA, finding itself bound by principles set forth in prior precedent—principles that should no longer be considered good law in light of prevailing Supreme Court precedent").

Not only is this Court's reasoning in *Welch* subject to the criticism that the Seventh Circuit made, the rational in *Welch* is contrary to the FLSA's definition of "employer," which refers only to "any person acting directly or indirectly in the interest of an employer" and does not impose an additional requirement that the person be acting outside of his or her proper authority. *See* 29 U.S.C.A. § 203.

As noted by the Seventh Circuit, the *Welch* case relies on a view of claims against a public official in their individual capacity that the Supreme Court in *Hafer v. Melo*, declared invalid. In *Hafer*, a Pennsylvania auditor general fired several employees of that office, and the employees sued the auditor general under §1983. The auditor general argued that state officials could not be held liable in their personal capacity for actions they took in their official capacity. *Hafer*, 502 U.S. at 27. The Supreme Court explicitly rejected that view. *Id.* The auditor general also urged the Supreme Court to hold that public officials could only be liable in their individual capacity if their actions were outside of official's authority or were not necessary to the performance of governmental functions. *Id.* at 28. The Supreme Court rejected this view as well, noting that it would give individual-capacity public officials absolute immunity for actions that were within their authority and necessary to the performance of

13

governmental functions—a result that is contrary to the Court's prior holdings and the broad language of §1983. *Hafer*, 502 U.S. at 28.

Thus, the Supreme Court in *Hafer* explicitly rejected the notion that individual-capacity public official defendants are immune from suit for actions that are within their authority or are necessary to the performance of their government function. Although *Hafer* involved an §1983 claim, its rational extends to the to individual-capacity FLSA claims. *See Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001) (stating that the *Hafer* decision does away with the distinction this Court drew in *Welch* and *Wascura*). Further, to the extent *Hafer* relies on the broad language of §1983, the FLSA's definition of employer is equally as broad.

The rule in *Welch* and *Wascura* gives public officials absolute immunity from individual-capacity FLSA claims—no matter how serious the violation of the employees' FLSA rights. This result is contrary to the *Hafer* decision and to the majority view, which is that public officials are subject to FLSA claims in their individual capacity. *See MacIntyre v. Moore,* 335 F.Supp.3d 402, 419-20 (W.D.N.Y. 2018) (listing circuit court and district court authority on the issue and adopting the "majority view" that public officials can be found individually liable as an "employer" under the FLSA).

All other circuits to address the issue directly—the Third, Fifth, and Eighth Circuits—have held that public employees can be individually liable, and those decisions properly rely on the plain-language, broad definition of the "employer." *See Haybarger v. Lawrence Cty. Adult Prob. & Parole,* 667 F.3d 408, 417 (3d Cir. 2012) ("Because the FLSA explicitly provides that an employer includes 'any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency,' we agree that the FMLA similarly permits individual liability against supervisors at public agencies"); *Modica v. Taylor*, 465 F.3d 174, 186-87 (5th Cir. 2006) (plain language of the FMLA permits public employees to be held individually liable); *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002) (permitting individual liability under the FMLA and noting that the same conclusion would apply to the FLSA).

The only circuit that arguably agrees with this Court is the Sixth Circuit in *Mitchell v. Chapman*, 343 F.3d 811, 832 (6th Cir. 2003), but upon close reading, it has no application to FLSA cases. The Sixth Circuit in *Mitchell* held that public officials are not subject to individual liability under the FMLA. But that holding rests on the FMLA's definition of employer which—unlike the FSLA's definition—is broken into clauses, and it also rests on the lack of any punctuation joining those clauses. *See id.* 343 F.3d at 830 ("Notwithstanding

this repeated and consistent use of the em dash, Section 2611(4)(A) lacks any punctuation demonstrating an inter-relationship between clauses (ii)-(iv). Indeed, the separation of otherwise related concepts (i.e., what the term "employer" "includes") into distinctly enumerated clauses compels an interpretation that treats each clause in an independent manner."). Because the FLSA's definition of employer is not broken into clauses, the holding in *Mitchell* does not extend to FLSA cases. *See Fraternal Order of Police Barkley Lod. v. Fletcher*, 618 F.Supp.2d 712, 715-22 (W.D.Ky. 2008) (reading the holding of *Mitchell* as not extending to FLSA cases and then concluding that the FSLA allows individual liability for public employers).[3]

Also, in those circuits yet to address the issue, the majority of district courts that have faced the issue have held that public employees may be subject to individual liability. *See Bonzani v. Shinseki,* 895 F.Supp.2d 1003 (2012) (listing district court decisions from within the First, Second, Fourth, and Ninth Circuits);[4] *see also Rasic v. City of Northlake*, 563 F.Supp.2d 885, 889-90 (2008) (FMLA case listing district court decisions from within the First, Fourth, and Ninth Circuits).

---

[3] In addition, the Sixth Circuit's statutory construction rational in *Mitchell* is subject to significant criticism. *See Rasic v. City of Northlake*, 563 F.Supp.2d 885, 890-91 (2008) (rejecting *Mitchell*'s reasoning and holding as unpersuasive).

[4] Some of the district court cases listed are FMLA cases.

This Court in *Welch* in 1995 was the first circuit court to rule on individual capacity liability for public officials. The reasoning in *Welch* was imperfect and the decision did not rely, as it should have, on the plain language of the statutory definition of "employer." In addition, the rule in *Welch* works a harsh injustice on public employees, leaving them subject working unlimited hours without ever receiving the FLSA's protections. In the over quarter century since this Court decided *Welch*, no other circuit has agreed that public officials in their individual capacity are absolutely immune from FLSA claims. This Court should change its law on this issue, reverse the district court, and permit Appellants to proceed against Sheriff Jump in his individual capacity.

## II.  The District Court Erred In Applying The Manders Factors When Determining That Sheriff Jump Was Entitled To Sovereign Immunity.

In determining whether Sheriff Jump was acting as an 'arm of the State', the district court applied the proper test (the four *Manders* factors), but the court erred in its application of the factors.

The appropriate test is set out in *Kicklighter v. Goodrich*:

> In determining whether an official is acting as an 'arm of the State,' the Court will weigh the four *Manders* factors: '(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity.'

*Kicklighter v. Goodrich*, 162 F. Supp. 3d 1363, 1368–69 (S.D. Ga. 2016), *aff'd sub nom. Kicklighter v. McIntosh Cty. Bd. of Commissioners*, 694 F. App'x 711 (11th

Cir. 2017), and *aff'd sub nom. Kicklighter v. McIntosh Cty. Bd. of Commissioners*, 694 F. App'x 711 (11th Cir. 2017) (quoting *Manders v. Lee*, 338 F.3d 1304, 1309 (11th Cir. 2003).

While the district court correctly found that liability for and payment of adverse judgments (fourth *Manders* factor) weighed against finding immunity for Sheriff Jump, the district court erred in its analysis of the other three factors. Appellants address each of the three wrongly decided *Manders* factors below.

**A. The State of Georgia Does Not Identify Sheriffs as an 'Arm of the State' as it Relates to Compensations Decisions.**

Determining compensation of employees, including compliance with the FLSA mandate to pay overtime wages, is an administrative task that is outside the scope of Sheriff Jump's mandate from the state to uphold the law. While the district court correctly noted that this case is distinguishable from this Court's decision in *Pellitteri v. Prine,* 776 F.3d 777 (11th Cir. 2015), the court improperly relied on *Walker v. Jefferson Cty. Bd. of Educ.*, 771 F.3d 748 (11th Cir. 2014). The district court determined that because compensation of employees falls into a category of 'employee-related decisions', Sheriff Jump's decision to withhold overtime was a state function. However, in *Walker*, this Court held that two school boards were "not arms of the state with respect to such [employment-related] decisions…[and

18

therefore] not immune under the Eleventh Amendment from suits challenging those decisions under federal law. *Walker*, 771 F.3d at 757.

Therefore, under this Court's prior decision in *Walker*, the district court improperly found that Sheriff Jump was acting as 'an arm of the State' when determining Appellants' overtime compensation. The first factor in the *Manders* test weighs against finding immunity for Sheriff Jump.

### B. Degree of Control the State Maintains Over the Entity.

The State of Georgia maintains little, if any, control over the employment decisions of Sheriff Jump. Again, the district court relied heavily on *Pellitteri* and *Walker* when determining that Sheriff Jump derives his power to make employment-related decisions from the state. For the same reasons stated above, the district court's reliance on *Walker* for determining if employment-related decisions qualify as state action apply here. In *Keene v. Prine*, this Court held that "sheriffs are largely independent from the State when they make personnel decisions." *Keene v. Prine*, 477 F. App'x 575, 578 (11th Cir. 2012) (citing O.C.G.A. § 42–4–1(a) ("[S]heriffs are jailers of the counties and have the authority to appoint other jailers, subject to the supervision of the county governing authority").

Here, based on *Walker* and especially the law of Georgia, the county maintains a greater control over Sheriff Jump's employment-related decisions than the State of

Georgia. The second factor in the *Manders* test weighs against finding immunity for Sheriff Jump.

### C. Where the Entity Derives Its Funds.

Sheriff Jump derives his funding from Glynn County, not the state. This Court in *Keene* properly held that the "[c]ounty is clearly the principal source of funding for the Sheriff's Office, including for personnel expenditures." *Keene*, 477 F. App'x at 579. Subsequently in *Kicklighter*, this Court found that a sheriff's source of funding is the state "because the state of Georgia required counties to set the sheriff's total budget and the county could not dictate the way the sheriff used the budget." *Kicklighter*, 694 F. App'x at 716. Here, the district court relied on *Kicklighter* and incorrectly held that Sheriff Jump derives his funding from the State.

Appellants respectfully contend that the district court and the panel in *Kicklighter* misapply the third *Manders* factor. This factor "addresses simply the origin of an entity's funding, not the law under which funding obligations arise." *Manders*, 338 F.3d at 1345. Here, the source of the funding Sheriff Jump uses to pay his employees, including Appellants, is derived from the County. The fact that the State requires the County to fund the Sheriff's office is immaterial under *Manders*. The third factor in the *Manders* test weighs against finding immunity for Sheriff Jump.

20

**D. Liability for and Payment of Adverse Judgments.**

As stated above, the district court properly found that the fourth *Manders* factor weighs against finding immunity for Sheriff Jump.  Any adverse judgment against Sheriff Jump will be paid out of the budget of the County.  Thus, Georgia's treasury is spared from paying any adverse judgment and this factor weighs against immunity.

III.    **The State of Georgia, On Behalf of Glynn County and Sheriff Jump In His Official Capacity Has Waived Sovereign Immunity For Appellants' Claims Because Payment of The Salary Is a Perfunctory Administrative Duty.**

State officials, such as Defendant Jump in his official capacity, do not enjoy sovereign immunity from claims brought pursuant to the FLSA because, under Georgia law, employment claims brought by public employees against their employers, including claims against public officers sound in contract, not tort. *Fulton Cty. v. Lord*, 323 Ga. App. 384, 389–90, 746 S.E.2d 188, 194 (2013). The Georgia Court of Appeals expressly has held that sovereign immunity is not a defense to an employment related dispute for unpaid wages:

> Indeed, there is a definite contractual relation between every employee and employer whether the employee is a public officer or not. And **the payment of salary to government employees is a perfunctory administrative duty not included under the category of government functions and not barred by any statutory immunity**. Moreover, to bar government employees from recovering pay for services they performed by allowing their government employer to claim immunity would violate the prohibition against the impairment of a contract which

21

is found in both the State and Federal Constitutions. **Thus, the law clerks' claim against the County for back pay is not barred by the doctrine of sovereign immunity.**

*Lord*, 323 Ga. App. at 389–90 (emphasis added) (internal quotations omitted) (holding that county employees' back pay claims were not barred by sovereign immunity).

Appellants in the Amended Complaint and the proposed Second Amended Complaint alleged claims for back pay arising from Defendants/Appellees' employment practices. Appellants, and the putative class members, by virtue of their position that is similar to every other public employee in the State, have a contractual relationship with the County and Sheriff Jump in his official capacity. Therefore, in accordance with the *Lord* holding, the County and Sheriff Jump in his official capacity do not enjoy sovereign immunity as a bar to Plaintiffs' claims for unpaid wages.

## CONCLUSION

Appellants respectfully request that the Court consider this case *en banc*, and hold that Appellants may sue Sheriff Jump in his individual capacity. This Court also should reverse the district court's dismissal of the case and remand with instructions that Appellants have leave to file their proposed Second Amended Complaint.

Respectfully submitted this March 17, 2021.

**HALL & LAMPROS, LLP**

*/s/ Patrick J. Hannon*
Patrick J. Hannon
Ga. Bar # 074321
**Hall & Lampros, LLP**
400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
Patrick@hallandlampros.com

*Attorney for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on this March 17, 2021, the foregoing **BREIF OF APPELLANTS** was filed electronically through the CM/ECF system, which will automatically send a copy of the filing to the following attorneys of record for Defendant:

Richard K. Strickland
Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP
P.O. Box 220
5 Glynn Avenue
Brunswick, GA 31521-0220
Email: rstrickland@brbcsw.com

Aaron W. Mumford
Glynn County Attorney's Office
701 G St.
2nd FL
Brunswick, GA 31520
Email: amumford@glynncounty-ga.gov

**HALL & LAMPROS, LLP**

*/s/ Patrick J. Hannon*
Patrick J. Hannon
Ga. Bar # 074321
Hall & Lampros, LLP
400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
Patrick@hallandlampros.com
*Attorney for Appellants*