# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

## DOCKET NO. 21-10162-AA

_____

**LANGSTON AUSTIN and ERNEST FULLER III,**
on behalf of themselves and all others similarly situated,

**Appellants**

**v.**

**GLYNN COUNTY, GEORGIA, and E. NEAL JUMP, individually,**

**Appellees**

_____

**Appeal from the United States District Court
for the Southern District of Georgia
Brunswick Division**

**Case No. 2:20-CV-00073-LGW-BWC**

_____

## BRIEF OF APPELLEES

_____

**Richard K. Strickland
Emily R. Hancock
Brown, Readdick, Bumgartner,
Carter, Strickland & Watkins, LLP
5 Glynn Avenue, Brunswick, Georgia 31520
(912) 265-8544
ATTORNEYS FOR APPELLEES**

Appeal No. 21-10162-AA

*Austin et al. v. Jump et al.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The undersigned Counsel of Record for Defendants/Appellees Glynn County, Georgia and Neal Jump, in accordance with Rule 26.1 of the United States Court of Appeals, Eleventh Circuit, certify that the following is a full and complete list of all persons, firms, associations, partnerships, and corporations, including subsidiaries, conglomerates, affiliates, parent corporations, and other legal entities having an interest in the outcome of this case:

| | |
|---|---|
| Association of County Commissioners of Georgia-Interlocal Risk Management Agency ("ACCG-IRMA") | Risk Management Pool Fund Administrator for Glynn County |
| Austin, Langston | Appellant/Plaintiff |
| Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP | Attorneys for Appellees |
| Hon. Benjamin W. Cheesbro | Magistrate Judge, U. S. District Court for the Southern District of Georgia |
| Fuller III, Ernest | Appellant/Plaintiff |

C1 of 3

| | |
|---|---|
| Glynn County, Georgia | Appellee/Defendant |
| Hancock, Emily | Attorney for Appellees |
| Jump, E. Neal | Appellee/Defendant |
| Lampros, Andrew | Attorney for Appellants |
| Padgett, Joseph Richard | Attorney for Appellants |
| Strickland, Richard K. | Attorney for Appellees |
| Van Remmen, Gordon G. | Attorney for Appellants |
| Withers, Thomas A. | Attorney for Appellants |
| Honorable Lisa Godbey Wood | Judge, U. S. District Court for the Southern District of Georgia |

This sixteenth day of April, 2021.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia Bar No. 687830

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145

BROWN, READDICK, BUMGARTNER
CARTER, STRICKLAND & WATKINS, LLP
ATTORNEYS FOR APPELLEE CITY OF
DARIEN
5 Glynn Avenue (31520)

C2 of 3

Post Office Box 220
Brunswick, GA 31521-0220
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com
ehancock@brbcsw.com

Appeal No. 21-10162-AA

*Austin et al. v. Jump et al.*

## STATEMENT REGARDING ORAL ARGUMENT

Appellees do not request oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C1 of 3

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES PRESENTED FOR APPEAL. . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT AND CITATION OF AUTHORITY. . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

# TABLE OF AUTHORITIES

## Federal Cases

*Avery v. City of Talladega*, 24 F.3d 1337, 1348 (11th Cir. 1994). . . . . . . . . . . . 28

*Burger King Corp. v. Weaver*, 169 F.3d 1310 (11th Cir. 1999). . . . . . . . . . . . . . 5

*Carcieri v. Salazar*, 555 U.S. 379 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Chambers v. Thompson*, 150 F.3d 1324 (11th Cir. 1998). . . . . . . . . . . . . . . . . . . 11

*Darby v. Bratch*, 287 F.3d 673 (8th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . 15, 22

*Forrester v. White*, 484 U.S. 219 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Green v. Bock Laundry Mach. Co.*, 490 U.S. 504 (1989). . . . . . . . . . . . . . . . . . . . 8

*Hafer v. Melo*, 502 U.S. 21 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11-15

*Harris v. Ivax Corp.*, 182 F.3d 799 (11th Cir.1999). . . . . . . . . . . . . . . . . . . . . . . 5

*Haybarger v. Lawrence Cty. Adult Prob. & Parole,* 667 F.3d 408 (3d Cir.

2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

*Henley v. Simpson*, 527 F. App'x 303 (5th Cir. 2013). . . . . . . . . . . . . . . 18-20, 22

*Hill v. White*, 321 F.3d 1334 (11th Cir.2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997). . . . . . . . . . . . . . . . 17

*Keene v. Prine,* 477 F. App'x 575 (11th Cir. 2012). . . . . . . . . . . . . . . . . . . . . 26-27

*Kicklighter v. Goodrich*, 162 F. Supp. 3d 1363 (S.D. Ga. 2016). . . . . . . . . . 24-27

*Kicklighter v. McIntosh Cty. Bd. of Commissioners*, 694 F. App'x 711 (11th Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24-27

*Luder v. Endicott*, 253 F.3d 1020 (7th Cir. 2001).. . . . . . . . . . . . . . . . . . . . 16-18

*Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) . . . . . . . . . . . . . . . . . . 14, 23-27

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). . . . . . . 23

*Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . 18-19

*Pellitteri v. Prine*, 776 F.3d 777 (11th Cir. 2015).. . . . . . . . . . . . . . . . . . . . 24-27

*Powell v. Florida*, 132 F.3d 677, 678 (11th Cir.1998).. . . . . . . . . . . . . . . . . . . 28

*Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425 (1997). . . . . . . . . . . . . . . . . 23

*Stewart v. Baldwin Cty. Bd. of Educ.*, 908 F.2d 1499 (11th Cir. 1990). . . . . . . . 25

*Walker v. Jefferson Cnty. Bd. of Educ.*, 771 F.3d 748 (11th Cir.2014).. . . . . . . . 25

*Wascura v. Carver*, 169 F.3d 683 (11th Cir. 1999).. . . . . . . . . . . . . . . . . . . . . . 10

*Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . *passim*

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). . . . . . . . . . . . . . . . 12

*Wirtz v. Lone Star Steel Co.*, 405 F.2d 668 (5th Cir.1968).. . . . . . . . . . . . . . . . . 9

**State Cases**

*Fulton County v. Lord,* 323 Ga. App. 384 (2013). . . . . . . . . . . . . . . . . . . . . . . 27

iv

**Federal Statutes**

28 U.S.C. § 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

29 U.S.C. §201 et seq. (Fair Labor Standards Act). . . . . . . . . . . . . . . . . *passim*

29 U.S.C. § 203(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11-15

## STATEMENT OF JURISDICTION

The District Court had subject matter jurisdiction over Appellants' Complaint pursuant to 28 U.S.C. § 1331. This Court has appellate jurisdiction to review the District Court's order dismissing Appellants' Complaint pursuant to 28 U.S.C. § 1291, because that order and the subsequent judgment granted dismissal to Appellees as to all of Appellants' claims and thus constituted a "final decision" under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES PRESENTED FOR APPEAL

1. This Court's well-established precedent holds that the FLSA does not permit claims against government employees in their individual capacities. Although some appellate courts have disagreed with this Court's conclusion that an individual-capacity government defendant cannot be an "employer" under the FLSA, those courts have gone on to agree that FLSA claims against individual-capacity government defendants who act on behalf of the state are ultimately barred by Eleventh Amendment immunity. Should this Court impose individual-capacity FLSA liability on a defendant who would be

entitled to Eleventh Amendment immunity in his official capacity, despite the fact that no other appellate court has done so?

2.    The District Court held that any claim against Sheriff Jump in his official capacity would be barred by Eleventh Amendment immunity. The authority on which Appellants rely in opposing this finding has been overruled. Did the District Court err by denying leave to amend to add Jump in his official capacity on the basis of futility?

3.    Appellants' sole claim is brought pursuant to the FLSA. Does a state-law case regarding the applicability of sovereign immunity to an arbitration award for back pay have any bearing on Appellee Jump's entitlement to Eleventh Amendment immunity on a claim under federal law?

## STATEMENT OF THE CASE

### I.    *Statement of Facts*

Because this case comes before the Court following the trial court's grant of Appellees' motion to dismiss for failure to state a claim, the operative facts are contained in Appellants' First Amended Complaint.

Therein, Appellants allege that they are "Detention Officers employed by defendants." (Dkt. 7, ¶¶ 1, 17, 20, 21, 25, 26, 27, 40 - 53). Appellee E. Neal Jump is the Sheriff of Glynn County, Georgia, and is sued in his individual capacity. (Dkt. 7, ¶¶ 4, 5). Appellants' job duties include enforcing rules and keeping order within jails or prisons, supervising activities of inmates, inspecting facilities to ensure that they meet security and safety standards, searching inmates for contraband items, reporting on inmate conduct, and escorting and transporting inmates. (Dkt. 7, ¶ 40).

## II.    *Course of Proceedings*

Appellants initially filed suit on their own behalf and on behalf of others similarly situated against Glynn County, Georgia, alleging violations of the Fair Labor Standards Act ("FLSA") with respect to overtime pay. Dkt. 1. Glynn County moved to dismiss Appellants' Complaint, showing that it is not the employer of Appellants or of any proposed class member as a matter of law. Dkt. 5. Appellants then filed their "First Amended Collective Action Complaint," adding as a Defendant Sheriff Neal Jump, in his individual capacity. Dkt. 7. Appellees again moved to dismiss, showing that Sheriff Jump in his individual capacity is

3

not an "employer" as that term is defined under the FLSA. Dkt. 11.

Appellants, having exhausted their one opportunity to amend as a matter of right, then moved for leave to amend their Complaint for a second time in order to add Sheriff Jump as a Defendant in his official capacity. Dkt. 13. Appellees opposed that motion, showing that Sheriff Jump in his official capacity would be entitled to Eleventh Amendment immunity on any FLSA claim that Appellants might assert against him. Dkt. 15.

The District Court denied Appellants' motion for leave to amend, holding that amendment would be futile because Jump in his official capacity would be entitled to Eleventh Amendment immunity. Dkt. 20 (Magistrate Judge's order); Dkt. 26 (overruling objections). Shortly thereafter, the court granted Appellees' motion to dismiss, holding that neither Glynn County, nor Sheriff Jump in his individual capacity, is the employer of Appellants for purposes of the FLSA. Dkt. 31. Judgment was entered on January 8, 2021, and this appeal followed.[1] Dkt. 32.

─────────────────

[1]    Although the Notice of Appeal states that Appellants seek review of "the final judgment entered in this action," Appellants do not argue in their brief to this Court that the District Court erred in its ruling that Glynn County

4

### III.    *Standard of Review*

This Court reviews *de novo* a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). Generally, a district court's order denying a motion for leave to amend is reviewed for abuse of discretion, but "[t]o the extent that denial of leave to amend is based on futility," it is reviewed independently. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999). In that situation, the Court "reviews de novo the underlying legal conclusion of whether a particular amendment to the complaint would be futile." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir.1999).

### SUMMARY OF THE ARGUMENT

This Court's holding in *Welch v. Laney* controls this case. The District Court properly applied *Welch* and concluded that Appellants cannot

---

is not Appellants' "employer" under the FLSA. Dkt. 33. This appeal thus challenges only the grant of dismissal to Sheriff Jump in his individual capacity, and the denial of leave to amend to add a claim against Sheriff Jump in his official capacity.

pursue a claim against Sheriff Jump in his individual capacity, because Jump in his individual capacity is not an "employer" of Appellants for the purposes of the FLSA. The Supreme Court case of *Hafer v. Melo*, in which the Court held that a §1983 claim could be brought against a public official in her individual capacity, does not require a different result. Nor do any of the other appellate opinions cited by Appellants, none of which reflect a circuit split on the actual question presented by this appeal: whether a public official who is entitled to Eleventh Amendment immunity from FLSA claims in his official capacity because he acts on behalf of the state, may nonetheless be sued in his individual capacity under the FLSA.

The District Court properly applied the four-part test set forth in *Manders v. Lee*, and correctly held that any amendment by Appellants to add Sheriff Jump in his official capacity would have been futile, because Jump in his official capacity is protected by Eleventh Amendment immunity. The unpublished panel opinion on which Appellants urge this Court to rely in performing the *Manders* analysis was in fact overruled by a later published opinion. The District Court explicitly stated that it was basing its analysis on the latter opinion, and it reached the correct result

6

when it denied Appellants' motion for leave to amend.

Finally, Appellants cite a Georgia case involving a challenge to an arbitration award in state court in an apparent attempt to show that the State of Georgia has waived sovereign immunity for claims under the FLSA. But the Georgia case involved only a state-law claim, and has no bearing on whether immunity has been waived to allow the State to be sued under the FLSA, a federal statute. Immunity for such claims has not been waived, and the District Court properly rejected this argument.

## ARGUMENT AND CITATION OF AUTHORITY

I. *There is no circuit split on the question of whether government employees acting on behalf of the state can be held liable under the FLSA in their individual capacities.*

A. *This case is controlled by the Court's ruling in* Welch v. Laney.

Generally, "[w]hen a statute's text is plain and unambiguous . . . the statute must be applied according to its terms." *Carcieri v. Salazar*, 555 U.S. 379, 129 S. Ct. 1058, 1059, 172 L. Ed. 2d 791 (2009). However, where the plain language of a law "would compel an odd result," a court may conclude that the law "can't mean what it says," and must interpret it so as

7

to avoid the absurd result that would be reached by a literal interpretation. *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 509–11, 109 S. Ct. 1981, 1985, 104 L. Ed. 2d 557 (1989) ("No matter how plain the text of the Rule may be . . . we cannot accept an interpretation that would [lead to a clearly unintended rule]."

The Fair Labor Standards Act defines the term "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency . . ." 29 U.S.C.A. § 203(d). Although Appellants argue that they are merely asking the Court to apply the plain language of this definition, *no* court has afforded it a truly literal interpretation. There is nothing in the text of the definition to preclude a finding that virtually any person who interacts with employees at the behest of their employer is, himself, an "employer" under the FLSA. A contractor paid by an employer to provide and service a water cooler for its employees is a "person acting directly or indirectly in the interest of an employer in relation to an employee." The same could be said of everyone from an insurance agent who provides an employer with a liability policy covering its employees to a janitor paid by an employer to clean the offices

8

used by its employees. Under the plain language of the FLSA, each of these persons would be an "employer" of the persons to whom they are directly or indirectly providing some service or benefit – a clearly absurd result.

Every appellate court that has parsed the FLSA definition of "employer" has recognized that some further inquiry is required to determine what persons or entities should actually be considered "employers" for purposes of the FLSA. In *Welch v. Laney*, this Court noted that "the total employment situation" should be considered in determining whether a person qualifies as an "employer" under the Equal Pay Act, which employs the same definition as the FLSA. 57 F.3d 1004, 1011 (11th Cir. 1995), citing *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669–70 (5th Cir.1968). Three factors guide that inquiry: first, whether or not the employment took place on the premises of the alleged employer; second, how much control the alleged employer exerted on the employee; and third, whether the alleged employer had the power to fire, hire, or modify the employment condition of the employee. *Id.* Applying those factors, the *Welch* court held that a sheriff in his individual capacity has no control over

9

his employees and does not qualify as their employer under the Act.[2] *Id.*

Here, the District Court relied on *Welch* and properly held that Sheriff Jump, in his individual capacity, is not an "employer" for purposes of the FLSA. Dkt. 31, pp. 9-11. *Welch* remains the binding precedent of this circuit, and controls the outcome of this appeal. *See Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999) (rejecting challenge to rationale of *Welch* and holding that court is "bound by the *Welch* decision" on the issue of whether government officials can be held liable under FMLA in their individual capacities).

B.    *None of the cases cited by Appellants involve a result contrary to the one reached by the District Court here.*

The Court is obligated to follow a prior panel holding, like *Welch*, unless that holding "has been overruled or undermined to the point of abrogation by a *subsequent* en banc or Supreme Court decision." *Chambers*

---

[2]    Several years later, the Court held in *Wascura v. Carver* that a government official in his individual capacity likewise cannot be an "employer" under the similar definition used in the Family Medical Leave Act. *Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999). Because the FMLA and FLSA are distinct on grounds applicable to this appeal, as will be discussed fully below, Appellees will not belabor discussion of *Wascura* or other FMLA cases.

*v. Thompson*, 150 F.3d 1324, 1326 (11th Cir. 1998) (emphasis supplied).

Appellants have identified no such authority, pointing only to a Supreme

Court case that predates this Court's ruling in *Welch*, and to a number of

foreign cases. In a tacit acknowledgment that this case is controlled

adversely to them, Appellants have moved for their appeal to be heard en

banc. But the authority they cite in their appellate brief and in their petition

for hearing en banc would not change the outcome of this case even if

*Welch* were overruled.

### 1. *Hafer v. Melo*

In *Hafer v. Melo*, former employees of the Pennsylvania auditor

general sued under 42 U.S.C. §1983 after their employment was

terminated, seeking money damages against her in her individual capacity.

*Hafer v. Melo*, 502 U.S. 21, 23–24, 112 S. Ct. 358, 361, 116 L. Ed. 2d 301

(1991). The Supreme Court granted certiorari "to address the question

whether state officers may be held personally liable for damages under

§1983 based upon actions taken in their official capacities." *Id.* at 24.

The Court began by explaining the differences between individual-

capacity and official-capacity suits, noting that under §1983, "officials sued

11

in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law." *Id.* at 25. Next, the Court noted that liability under 42 U.S.C. §1983 is *only* available against "persons," and reiterated its recent ruling that government officials sued in their official capacities are not "persons" for the purposes of that statute. *Id.* at 27, citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Against this backdrop – the complete unavailability of official-capacity liability against government officials under §1983, and the promise of "personal immunity defenses" for anyone sued in her individual capacity under §1983 – the Court held that a public official may be sued in her individual capacity under §1983 for acts taken in her official capacity. *Hafer,* 502 U.S. at 31.

The *Hafer* Court readily acknowledged that "imposing personal liability on state officers may hamper their performance of public duties." *Hafer v. Melo*, 502 U.S. 21, 31, 112 S. Ct. 358, 364–65, 116 L. Ed. 2d 301 (1991). Concerns that the looming possibility of individual liability under §1983 could interfere with government officials' performance of their

duties, the Court reiterated, "are properly addressed within the framework of our personal immunity jurisprudence." *Id.*, citing *Forrester v. White*, 484 U.S. 219, 223, 108 S. Ct. 538, 542, 98 L. Ed. 2d 555 (1988). After bookending its analysis with assurances about the availability of personal immunity defenses, the Court announced its narrowly tailored ruling:

> We hold that state officials, sued in their individual capacities, are "persons" *within the meaning of § 1983*. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability *under § 1983* solely by virtue of the "official" nature of their acts.
> *Hafer v. Melo*, 502 U.S. 21, 31, 112 S. Ct. 358, 365, 116 L. Ed. 2d 301 (1991) (emphasis supplied).

*Hafer* was published four years before this Court issued its ruling in *Welch v. Laney*.

Appellants state repeatedly that this Court's ruling in *Welch* is inconsistent with that of the Supreme Court in *Hafer*. Appellants' Brief, pp. 7, 10, 12. But the sum total of Appellants' argument on this point is that "[a]lthough *Hafer* involved an [sic] §1983 claim, its rational [sic] extends to the to [sic] individual-capacity FLSA claims." *Id.*, p. 13. The sole authority offered in support of this position is a single sentence of dicta in an opinion by the Seventh Circuit, which likewise does not elaborate on how the

13

Supreme Court's narrow ruling in *Hafer* regarding individual liability under §1983 has any bearing on this Court's ruling in *Welch* regarding individual liability under the FLSA.

*Hafer* is distinct from *Welch* and from this case in two ways that make it entirely irrelevant, which is likely why the Court did not cite it in *Welch.* First, whereas §1983 permits suit *only* against "persons" and precludes claims against government actors in their official capacities, the FLSA includes no such restriction. A ruling in *Hafer* that a government actor in her individual capacity could not be held liable, coupled with the Supreme Court's earlier ruling that official-capacity claims are not cognizable under §1983, would have rendered that statute essentially meaningless by barring the vast majority of claims it would otherwise permit. Here, by way of contrast, the Court's ruling in *Welch* that the FLSA does not permit individual-capacity claims against government officials did nothing to hinder the operation of that law.[3]

---

[3] That this Court's subsequent ruling in *Manders v. Lee*, discussed below, had the effect of precluding official-capacity FLSA claims against Georgia sheriffs on Eleventh Amendment immunity grounds, does not affect the soundness of the Court's prior ruling in *Welch.*

14

Second, the *Hafer* Court acknowledged twice that the potential for government officials to be held individually liable for actions taken in their official capacities could interfere with those officials' performance of their public duties. However, the Court held, that valid concern was addressed by the availability of personal immunity defenses under §1983. But whereas the potential for government officials to be held individually liable under the FLSA presents all of the same concerns, no such immunity defenses are available to individual-capacity defendants under the FLSA.[4] Consequently, the premise with which the *Hafer* Court began and ended its analysis is inapplicable here.

The ruling of the Supreme Court in *Hafer* predates this Court's ruling in *Welch,* and *Hafer* was narrowly tailored to the specific §1983 context in which it arose. Because the permissible class of defendants in §1983 actions is vastly different than that in FLSA actions, and because individual-capacity §1983 defendants are entitled to immunity defenses that are not

---

[4]    *See, e.g., Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002) (commingling analysis of FMLA claims with dicta regarding identical treatment of FLSA claims, and holding that qualified immunity is categorically unavailable for FMLA claims because the law "creates clearly established statutory rights").

15

available to FLSA defendants, the rationale of *Hafer* is irrelevant to any analysis of FLSA claims. This Court properly declined to apply *Hafer* when it decided *Welch*, and *Hafer* would remain irrelevant if this case were to be heard *en banc.*

### 2.    The Seventh Circuit and Fifth Circuit

Appellants cite, at length, from an opinion by Judge Posner criticizing this Court's conclusion in *Welch* that a government official in his individual capacity cannot be an "employer" under the FLSA. Appellants' Brief, pp. 12-13, citing *Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2001). But what Appellants omit, because it undermines their argument that there is a circuit split on the question presented by this appeal, is the ultimate holding of *Luder*: an individual-capacity FLSA claim against a state actor "is transparently an effort at an end run around the Eleventh Amendment," and is subject to dismissal for that reason. *Id.* at 1025.

In *Luder*, the plaintiffs – 145 state prison employees – brought FLSA overtime claims against the prison's warden and several other supervisors in their individual capacities. *Id.* at 1022-23. The plaintiffs acknowledged that claims against the defendants in their official capacities would be

16

barred by Eleventh Amendment immunity. *Id.* at 1023. After holding that a government official may be subject to suit under the FLSA in his individual capacity[5], Judge Posner went on to evaluate whether such a claim would be barred by Eleventh Amendment immunity, noting that "even when a suit is against a public officer in his or her individual capacity, the court is obliged to consider whether it may really and substantially be against the state." *Id.* at 1023, quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). "[A] suit nominally against state employees in their individual capacities that *demonstrably* has the *identical* effect as a suit against the state is . . . barred." *Luder*, 253 F.3d at 1023 (emphasis in original).

The *Luder* court went on to analyze the practical difficulties that would be presented by an individual-capacity judgment against a prison

---

[5]    In disagreeing with this Court's ruling in *Welch*, the Seventh Circuit pointed without any substantive analysis to *Hafer*, and offered a single-sentence analogy to a hypothetical §1983 claim. *Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001). For the reasons set forth in the foregoing discussion of *Hafer*, the Seventh Circuit's conclusion on this issue is unpersuasive. In any event, the ultimate holding of *Luder* suggests that the Seventh Circuit would have reached the same result as did the District Court in this case, albeit by a different route.

administrator for 145 plaintiffs' wages. *Id.* at 1024. Although Judge Posner focused primarily on whether money would "flow from the state treasury to the plaintiffs," the ultimate question was whether the effect of letting the plaintiffs proceed against the individual-capacity defendants would "be identical to a suit against the state." *Id.* The court concluded that it would, rendering the suit nothing more than an attempt to get around the Eleventh Amendment immunity to which the defendants would be entitled in their official capacities, and remanded the case with instructions that the case be dismissed with prejudice.

Likewise, Appellants cite the Fifth Circuit case of *Modica v. Taylor* for the rule that the "plain language of the FMLA permits public employees to be held individually liable." Appellants' Brief, p. 15, *Modica v. Taylor*, 465 F.3d 174, 178 (5th Cir. 2006). While this is, indeed, what *Modica* holds, a more recent Fifth Circuit decision distinguishes *Modica* in addressing the issue actually presented by this case: whether a government employer entitled to Eleventh Amendment immunity in his official capacity can nonetheless be sued in his individual capacity under the FLSA. In *Henley v. Simpson*, the court held that the answer was "no" with respect to FLSA

18

overtime claims brought by former state K-9 handlers against supervisory

state officials in their individual capacities. *Henley v. Simpson*, 527 F. App'x

303, 307 (5th Cir. 2013).

In addition to adopting much of the rationale used by the Seventh

Circuit in *Luder*, the *Henley* court pointed out an important distinction

between FLSA cases, on one hand, and FMLA cases like *Modica* on the

other:

> Prior to *Modica*, the Supreme Court held in *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003), that Congress used its Fourteenth Amendment, Section Five power ("Congress shall have power to enforce ... provisions of [the Fourteenth Amendment]") to abrogate States' sovereign immunity against FMLA claims. In so holding, it carefully examined the controlling statute, which unambiguously authorized employees to seek damages "against any employer (including a public agency) . . . to include [ ] the government of a State". *Id.* at 726, 123 S.Ct. 1972 (quoting 29 U.S.C. §§ 203(x), 2617(a)(2)). By contrast, the Court has not held, and Plaintiffs do not argue, that Congress has validly abrogated State sovereign immunity under the FLSA. 527 F. App'x 303, 307 (5th Cir. 2013).

Thus, individual-capacity FLSA suits against officials who act on behalf of

the state present immunity issues that individual-capacity FMLA suits

19

against those same officials would not.[6]

Here, the Court in *Welch* answered the question of whether an individual-capacity government defendant can be an "employer" for purposes of the FLSA, and neither the Seventh Circuit nor the Fifth Circuit has presented any persuasive argument for revisiting that settled decision. However, even if the Court were to re-examine *Welch*, the further analysis performed by the Seventh Circuit in *Luder* and the Fifth Circuit in *Henley* regarding the applicability of Eleventh Amendment immunity to individual-capacity claims against defendants who are immune in their official capacities would be highly relevant. Suit against Sheriff Jump under the FLSA, in his individual capacity, would be functionally identical to suit against him in his official capacity – in either case, Plaintiffs would be seeking the same relief, and the extent to which the interests of the State are implicated would be unchanged.

Because Eleventh Amendment immunity bars any official-capacity

---

[6]    The great majority of the cases relied on by Appellants are FMLA cases. Because Sheriff Jump is a state official with respect to the functions at issue, whatever limited relevance those cases might have had with respect to an FLSA action generally does not extend to this case.

FLSA suit against Sheriff Jump, allowing the same claims to go forward against him in his individual capacity would result in an "end run around the Eleventh Amendment"– a result that both the Seventh and Fifth Circuits have held must be avoided. Although those courts diverge from this one on the question of whether a government employee may be held personally liable under the FLSA generally, all three courts reach the same result with respect to the actual issue presented by this case: Sheriff Jump cannot be liable in his individual capacity for Plaintiffs' overtime claims under the FLSA.

### 3.    The Third Circuit and Eighth Circuit

The final two courts that Appellants claim have "held that public employees can be individually liable" are the Third and Eighth Circuits. Appellants' Brief, p. 15. But the decision of the Third Circuit in *Haybarger v. Lawrence Cty. Adult Prob. & Parole* concerns an FMLA claim against a defendant with no entitlement to Eleventh Amendment immunity, and is thus irrelevant here. 667 F.3d 408, 415 (3d Cir. 2012). Indeed, the *Haybarger* court reasoned that it "discern[ed] no reason to distinguish between public agencies and private employers under the FMLA insofar as

21

individual liability is concerned." *Id.* But as noted by the Fifth Circuit in *Henley*, Congress has not abrogated the States' sovereign immunity for FLSA claims as it has done for FMLA claims, requiring courts "to distinguish between public agencies and private employers under the [FLSA] insofar as individual liability is concerned" where state actors are involved. *Henley v. Simpson,* 527 F. App'x 303, 307 (5th Cir. 2013).

In *Darby v. Bratch*, the Eighth Circuit likewise stated that it saw "no reason to distinguish employers in the public sector from those in the private sector" with respect to the imposition of individual liability under the FMLA. *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002). For the same reasons applicable to *Haybarger*, the Eighth Circuit's conclusion regarding FMLA claims against non-state employees in *Darby* is irrelevant in this case, which involves an FLSA claim against a state actor.

In summary, while some of the appellate opinions cited by Plaintiffs diverge from this Court's ruling in *Welch*, none of them holds that an official acting on behalf of the state is subject to liability under the FLSA in his individual capacity. To the extent that a circuit split exists on the question of whether the FLSA permits individual-capacity claims against

22

government defendants who do *not* act on behalf of the state, this case is not an appropriate vehicle for examining the issue.

II.   ***The District Court properly applied* Manders*, and correctly held that any claim against Sheriff Jump in his official capacity would be barred by Eleventh Amendment immunity.***

The Eleventh Amendment "bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)). Eleventh Amendment immunity may be asserted not only by state officers and state officials, but by all persons "acting as an 'arm of the State,' which includes agents and instrumentalities of the State." *Manders*, 338 F.3d at 1308 (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997)). In *Manders*, the *en banc* Court provided four factors that may be considered in determining whether an entity is an "arm of the State" for immunity purposes: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against

23

the entity." 338 F.3d at 1309.

The *Manders* Court applied the four-part test it had set forth, and held that Eleventh Amendment extends to claims involving a sheriff's adoption of a use-of-force policy for a jail. *Id.* Subsequent cases have applied the *Manders* test to numerous additional functions performed by sheriffs and other officials. In *Pellitteri v. Prine*, this Court held that a Georgia sheriff acts as an arm of the state when making employment–related decisions regarding the hiring and firing of deputies. 776 F.3d 777, 783 (11th Cir. 2015). More recently, the Court built on its ruling in *Pellitteri* in an FLSA case, finding that elected officials in Georgia also act as arms of the state when they set employee compensation. *Kicklighter v. Goodrich*, 162 F. Supp. 3d 1363, 1367 (S.D. Ga. 2016), aff'd sub nom. *Kicklighter v. McIntosh Cty. Bd. of Commissioners*, 694 F. App'x 711 (11th Cir. 2017).

The District Court, relying principally on *Pellitteri*, held that Sheriff Jump acted as an arm of the state in administering employee compensation. Dkt. 20, p. 4. Consequently, the court denied – on the ground of futility – Appellants' motion for leave to amend and add Sheriff Jump in his official capacity. Dkt. 20, p. 11. Appellants argue that the lower

24

court misapplied the first, second, and third *Manders* factors.

A.    *How state law defines the entity*

The trial court cited *Walker v. Jefferson Cnty. Bd. of Educ.* for the rule that "the issues of employee hiring, assignment, and compensation fall under the function of 'employee-related decisions.'" 771 F.3d 748, 757 (11th Cir.2014). Appellants argue that the trial court "improperly relied" on *Walker*, because this Court's ultimate ruling in *Walker* was that the Alabama school boards sued in that case were not acting as arms of the state when they made "employee-related decisions." Appellants' Brief, p. 19. But the lower court cited *Walker* solely for a generally applicable rule, and made no attempt to analogize the facts of this case to those in *Walker*. Indeed, the *Walker* court's conclusion that the school boards sued in that case were not acting as arms of the state was based on law specific to Alabama school boards. *Walker,* 771 F.3d at 757, citing *Stewart v. Baldwin Cty. Bd. of Educ.*, 908 F.2d 1499, 1511 (11th Cir. 1990).

Fortunately, there is likewise law specific to Georgia elected officials like Sheriff Jump – and that law holds that Georgia sheriffs *do* act on behalf of the State when they make "employee-related decisions." *See Pellitteri v.*

25

*Prine*, 776 F.3d 777, 783 (11th Cir. 2015)*; Kicklighter v. Goodrich*, 162 F. Supp.
3d 1363, 1367 (S.D. Ga. 2016), aff'd sub nom. *Kicklighter v. McIntosh Cty. Bd.
of Commissioners*, 694 F. App'x 711 (11th Cir. 2017). The trial court properly
applied that law and held that the first *Manders* factor cuts in favor of
Eleventh Amendment immunity for Sheriff Jump.

      B.   *What degree of control the State maintains over the entity*

Appellants argue that the trial court should have relied on this
Court's unpublished opinion in *Keene v. Prine* in evaluating the second
*Manders* factor. Appellants' Brief, p. 19, citing 477 F. App'x 575, 578 (11th
Cir. 2012). But in its published opinion in *Pellitteri*, this Court explicitly
stated that the very conclusion in *Keene* upon which Appellants rely "was
mistaken." *Pellitteri v. Prine*, 776 F.3d 777, 781 (11th Cir. 2015). *Keene* is not
good law with respect to its analysis of what degree of control the State
maintains over Georgia sheriffs with respect to their personnel decisions,
and this factor likewise favors immunity for Sheriff Jump.

      C.   *Where the entity derives its funds*

Appellants again urge the Court to rely on *Keene* in analyzing the
third *Manders* factor, but *Pellitteri* rejected that analysis as well. *Pellitteri v.*

*Prine*, 776 F.3d 777, 782 (11th Cir. 2015). *Manders* itself holds, and *Pellitteri* confirms, that the third factor cuts in favor of immunity with respect to Georgia sheriffs. *Id.*

The District Court did not err in analyzing the *Manders* factors and concluding that Sheriff Jump, in his official capacity, acted as an arm of the State when he took the actions at issue. Any amendment to add claims against Sheriff Jump in his official capacity would have been futile, and the trial court properly denied Appellants' motion for leave to make such an amendment.

III.    ***The Georgia sovereign-immunity case cited by Appellants has no bearing on a claim asserted under federal law.***

Although Appellants' argument on this point is somewhat unclear, it appears that they are relying on the Georgia case of *Fulton County v. Lord* in an attempt to show that the State of Georgia has waived sovereign immunity for wage claims under the FLSA. Appellants' Brief, p. 21, citing 323 Ga. App. 384, 746 S.E.2d 188 (2013). *Lord* involved an appeal of an arbitration award for back wages in a Georgia superior court. *Id.* at 384. The Georgia Court of Appeals held that because the plaintiffs had a

27

contractual relationship with their employer, Fulton County, and because the State of Georgia had expressly waived sovereign immunity for contractual claims against counties in the Georgia Constitution, Article I, Section 2, Paragraph IX(c), the claim to proceed. *Id.* at 389-90. This Court has recognized that state law contract claims and claims brought under the FLSA are distinct, and must be evaluated under separate frameworks. *See Avery v. City of Talladega*, 24 F.3d 1337, 1348 (11th Cir. 1994).

Here, Appellants are suing solely under the FLSA. They have not asserted any state-law contract claims. Any waiver of sovereign immunity for contract claims under Georgia law recognized in *Lord* is irrelevant to this case, which involves a claim under the FLSA, a federal statute. As the District Court properly noted, the State of Georgia has *not* waived its sovereign immunity for claims arising under the FLSA. *See Powell v. Florida*, 132 F.3d 677, 678 (11th Cir.1998) ("The district court properly dismissed the [FLSA] claim for unpaid overtime wages based on the State's Eleventh Amendment immunity.").

## CONCLUSION

For the foregoing reasons, the Judgment of the District Court should

28

be affirmed.


Respectfully submitted, this sixteenth day of April, 2021.


s/ Richard K. Strickland
Richard K. Strickland
Georgia Bar No. 687830
rstrickland@brbcsw.com

s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145
ehancock@brbcsw.com

ATTORNEYS FOR APPELLEES

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
P. O. Box 220
Brunswick, GA 31521
(912) 264-8544

## CERTIFICATE OF COMPLIANCE

The undersigned attorney, counsel for Appellees, certifies that this brief complies with the type volume limitation set forth in FRAP 32(a)(7)(B). Pursuant to FRAP 32(a)(7)(C)(i), the undersigned further certifies that the foregoing brief contains 5,716 words, exclusive of those portions of the brief which are not considered for word count purposes, as measured by the word count of the word processing system used to prepare the brief (Corel Word Perfect 12.0 for Windows). The type size and style used in this brief is 14-point Book Antiqua.

Respectfully submitted, this sixteenth day of April, 2021.

s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145
ehancock@brbcsw.com

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
P. O. Box 220
Brunswick, GA 31521
(912) 264-8544

30

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with a copy of

the foregoing Brief of Appellee, by depositing same in the United States

mail with adequate postage thereon to assure delivery to:

Andrew Lampros, Esquire
HALL & LAMPROS, LLP
400 Galleria Parkway, SE, Suite 1150
Atlanta, GA 30339

Joseph Padgett, Esquire
RODEN LAW
1111 Glynco Parkway, Suite 30-B
Brunswick, GA 31525

Thomas Withers, Esquire
GILLEN, WITHERS & LAKE, LLC
8 East Liberty Street
Savannah, GA 31401

This sixteenth day of April, 2021.

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145
ehancock@brbcsw.com
BROWN, READDICK, BUMGARTNER
CARTER, STRICKLAND & WATKINS, LLP
ATTORNEYS FOR APPELLEES
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521-0220
(912) 264-8544

31