IN THE COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 21-10162-AA

LANGSTON AUSTIN, and ERNEST FULLER III,
on behalf of themselves and all others similarly,

Plaintiffs-Appellants,

v.

GLYNN COUNTY, GEORGIA, *et al.*

Defendants-Appellees.

On appeal from the United States District Court for the
Southern District of Georgia
No. 2:20-cv-00073-LGW-BWC

**REPLY BRIEF OF APPELLANTS**

PATRICK HANNON
Georgia Bar No. 074321
HALL & LAMPROS, LLP
400 Galleria Pkwy
Suite 1150
Atlanta, GA 30339
(404) 876-8100
(404) 876-3477 facsimile
patrick@hallandlampros.com
*Counsel for Appellants Langston Austin and
Ernest Fuller II*

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................ i

**TABLE OF CITATIONS** .............................................................................................. ii

**ARGUMENT AND CITATIONS OF AUTHORITY** ........................................1

**I.   There Is A Circuit Split on The Question Of Whether Government Employees Acting On Behalf Of The State Can Be Held Liable Under The FLSA In Their Individual Capacities.** ........................................................1

    **A.   The plain language of the FLSA should not be ignored because Sheriff Jump considers the result "odd."** ........................................................1

    **B.   Sheriff Jump failed to distinguish the FMLA cases Plaintiffs cited. Those cases are right on point as to whether Sheriff Jump individually qualifies as an "employer" under the FLSA.** ............................2

    **C.   That the Eleventh Amendment applies to the FLSA but not the FMLA is not a blanket reason for distinguishing FMLA cases addressing the statutory definition of "employer," but it does mean the inquiry must go a step further.** ..............................................................2

    **D.   Sheriff Jump failed to distinguish Third and Eighth Circuit Authority.** ..................................................................................................6

**II.   Appellees cannot claim sovereign immunity for Appellants' claims.** ....................................................................................................................6

**CONCLUSION** .............................................................................................................9

# TABLE OF CITATIONS

**Cases**

*Alden v. Maine*, 527 U.S. 706, 757, 119 S.Ct. 2240, 2267-68, 144 L.Ed.2d 636 (1999)..................................................................................................3, 4

*Avery v. City of Talladega*, 24 F.3d 1337 (11th Cir. 1994) ...................7, 8

*Fulton Cty. v. Lord*, 323 Ga. App. 384, 389–90, (2013) ..........................7

*Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 509-11, 109 S.Ct. 1981, 1984-85, 104 L.Ed.2d 557 (1989)...............................................................1

*Henley v. Simpson*, 527 Fed.Appx. 303 (2013) .......................................5

*Lee v. Lamas*, 419 F.Supp.3d 863, 869 & n. 30 (2019)............................4

*Luder v. Endicott*, 253 F.3d 1020, 1022-23 (7th Cir. 2001).................3, 4

*Pellitteri v. Prine*, 776 F.3d 777 (2015)..................................................5

*Powell v. Florida*, 132 F.3d 677 (11th Cir. 1998) ....................................8

*Wascura v. Carver*, 169 F.3d 683, 685-86 (11th Cir 1999).....................2

*Williams v. Richards*, Civil Action No. 16-525, 2016 WL 5872450 (W.D.Pa. 2016) ........................................................................................4

# ARGUMENT AND CITATIONS OF AUTHORITY

**I. There Is A Circuit Split on The Question Of Whether Government Employees Acting On Behalf Of The State Can Be Held Liable Under The FLSA In Their Individual Capacities.**

   **A. The plain language of the FLSA should not be ignored because Sheriff Jump considers the result "odd."**

Defendant/Appellee Sherriff Jump concedes that the district court's order would be in error if the plain language of the Fair Labor Standards Act ("FLSA") were given effect, but he argues the plain language should not be followed because it would compel an "odd result"—that result being that the Sherriff has to pay overtime pay like the private sector and many governmental entities. (Appellee Brief pp. 7-9). What Sherriff Jump considers an "odd" result is not odd in light of the plain statutory language; it is what congress intended. Regardless, the case that Sheriff Jump cites to support ignoring the plain language of the FLSA has no application here. Instead, it is a case interpreting Federal Rule of Evidence 609 where an extremely literal reading would have led to a different rule regarding admissibility of prior felony convictions for civil defendants than for civil plaintiffs—a result the Supreme Court concluded was unintended by Congress. See *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 509-11, 109 S.Ct. 1981, 1984-85, 104 L.Ed.2d 557 (1989).

1

Sheriff Jump offers no such compelling reason to ignore the plain language of the FLSA.

> **B. Sheriff Jump failed to distinguish the FMLA cases Plaintiffs cited. Those cases are right on point as to whether Sheriff Jump individually qualifies as an "employer" under the FLSA.**

Sherriff Jump argues repeatedly that Family and Medical Leave Act ("FMLA") cases are not applicable to this appeal (Appellee Brief at n.2, n.6, pp 21-22). This position, however, overlooks the binding Eleventh Circuit holding in *Wascura v. Carver* that the FMLA's definition "employer" is "materially identical with, the definition of 'employer' used in the [FLSA]." 169 F.3d 683, 685-86 (11th Cir 1999). Given that the two statutes have materially identical definitions of "employer," FMLA cases addressing whether certain public officials qualify as "employers" are certainly relevant to this appeal. It is ironic that the district court held it was bound by *Wascura* and *Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995) (Doc. 31 pp. 10-12), but Sherriff Jump takes a position that is contrary to *Wascura* and the plain language of the FLSA. As discussed more fully in Appellants' initial brief, the plain language of the FLSA compels the conclusion that Sherriff Jump individually is an "employer" under the FLSA. (Appellants' Brief pp. 15-16).

> **C. That the Eleventh Amendment applies to the FLSA but not the FMLA is not a blanket reason for distinguishing FMLA cases addressing the statutory definition of "employer," but it does mean the inquiry must go a step further.**

2

Although Sherriff Jump's claim that FMLA cases have no application here is false, he is correct in pointing out that there is one important difference between FMLA cases and FLSA cases: The Eleventh Amendment applies to the FLSA but not to the FMLA. Sherriff Jump, however, would have this Court blur the two issues, which ought to be distinct. The inquiry in cases such as this should be (1) does the named individual-capacity defendant meet the FLSA's definition of an "employer", and (2) if so, whether the individual-capacity defendant is entitled to Eleventh Amendment protection. The latter question depends on whether "the relief is sought not from the state treasury but from the officer personally." See *Alden v. Maine*, 527 U.S. 706, 757, 119 S.Ct. 2240, 2267-68, 144 L.Ed.2d 636 (1999).

Sherriff Jump notes that the Seventh Circuit in *Luder*—after concluding that the individual-capacity public officials were in fact "employers" under the FLSA—went on to find that those defendants were immune under the Eleventh Amendment. (Appellee Brief pp 16-20). The result in *Luder*, however, is due to an exception that the Seventh Circuit made to the general rule. *See Luder v. Endicott*, 253 F.3d 1020, 1022-23 (7th Cir. 2001). That exception does not apply here.

In *Luder*, state prison employees sued their supervisors individually under the FLSA. *Id.* at 1021. The Seventh Circuit described the Supreme Court's general rule for applying the Eleventh Amendment to suits against individual-capacity public officials:

3

> The application of the amendment to suits against state officials in their individual capacity depends on the circumstances. The general rule is that such suits are not barred by the amendment, because the plaintiff is seeking damages from individuals rather than from the state treasury.

*Id*. at 1022-23 (quoting several cases including the FLSA case *Alden v. Maine*, 527 U.S. 706, 757, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999)). The court explained that the "fact that the state chooses to indemnify its employees who are sued in federal court is irrelevant." *Id*. at 1023. The court in *Luder* went on to state, however, that it was obligated to consider whether the suit "demonstrably has the identical effect as a suit against the state." *Id*. The court noted that any judgment would exceed the ability of the defendants to pay and would result in the defendants' bankruptcy if they were forced to pay. *Id*. at 1024. The court therefore found that the state would "be forced to pay the plaintiffs the additional wages they seek" and that the "effect will be identical to a suit against the state" because "money will flow from the state treasury to the plaintiffs." *Id*.

Importantly, the *Luder* court found that the money flowing "from the state treasury" was the key fact distinguishing it from "the cases that have rejected an Eleventh Amendment defense to individual-capacity suits." *Id.* And that is the key fact that makes the Eleventh Amendment immunity analysis different here. See *Lee v. Lamas*, 419 F.Supp.3d 863, 869, n.30 (2019) (denying public officials' motion to dismiss individual-capacity FLSA claims where there was no indication judgment would be paid from the state treasury); see also *Williams v. Richards*, Civil Action

4

No. 16-525, 2016 WL 5872450 (W.D.Pa. 2016) (distinguishing *Luder's* holding regarding the Eleventh Amendment for multiple reasons and permitting an individual capacity FLSA suit to proceed against state transportation officials).

In *Luder* the State of Wisconsin ultimately would have paid a judgment against the individual capacity supervisors, but in this case a judgment would be paid by Glynn County—if the county chooses to indemnify. (See Order Denying Plaintiffs' Motion to File Second Amended Complaint, Doc. 20 p. 8) (finding that the fourth *Manders* factor (who is responsible for the judgment) weighs against immunity in this case because it would not come from the state treasury); *see also Pellitteri v. Prine*, 776 F.3d 777 (2015) (that judgment against the sheriff would not be paid out of the state treasury is a clear marker that the sheriff was not an arm of the state).

Sherriff Jump also relies heavily on the unpublished Fifth Circuit case *Henley v. Simpson*, 527 Fed.Appx. 303 (2013). In *Henley*, state K-9 officers sued two state officials individually under the FLSA, and the Fifth Circuit reached the same result as in *Luder*, holding that the Eleventh Amendment barred the FLSA claims. The *Henley* decision relied heavily on *Luder*'s reasoning that the Eleventh Amendment barred the suit because ultimately any judgment would be paid by the state. *Henley* is distinguishable for same reason as *Luder*—it involved a state, not a county or municipality. In *Henley* indemnification for the individual defendants would come

5

from the State of Mississippi; in this case indemnification will come from Glynn County, not the State of Georgia.

### D. Sheriff Jump failed to distinguish Third and Eighth Circuit Authority.

Appellants' initial brief noted that the Third Circuit in *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012) and the Eight Circuit in *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002), held that public officials sued individually could be "employers" under the FMLA. (Appellants' Brief p. 15). Sheriff Jump advanced only one reason to distinguish these two cases: they are FMLA cases to which the Eleventh Amendment does not apply. (Appellee Brief pp. 21-23) Although the Eleventh Amendment applies to the FLSA and not the FMLA, how could the potential applicability of Eleventh Amendment change the construction of identical statutory language? Both *Darby* and *Haybarger* examined the FMLA's definition of "employer"—which this Court has ruled is materially identical to the FLSA's definition —and held that it includes individual capacity public officials. The potential applicability of the Eleventh Amendment is not a valid reason for distinguishing those two cases.

### II. Appellees cannot claim sovereign immunity for Appellants' claims.

As discussed in Appellants' Brief, state officials, such as Sheriff Jump, do not enjoy sovereign immunity from claims brought pursuant to the FLSA. Sovereign immunity is not a defense to employment claims brought by public employees in

6

Georgia against their employers, including claims against public officers because those claims arise in contract for which sovereign immunity is waived. *Fulton Cty. v. Lord*, 323 Ga. App. 384, 389–90, (2013). In their Response, Appellees attempt to muddle this issue and misstate the holding in *Lord*.

It is not relevant that Appellants' claims were brought under the FLSA; what is relevant is that Appellants had a contractual relationship with Glynn County and Sheriff Jump. *Lord* holds that "the payment of salary to government employees is a perfunctory administrative duty not included under the category of government functions and not barred by any statutory immunity." *Lord*, 323 Ga. App. at 389-90. Here, Appellants as underpaid employees, are in the same position as the plaintiffs in *Lord*. The district court erred in not applying *Lord* to the present case:

> Here—unlike the plaintiffs in *Lord*—Plaintiffs are suing Defendant Jump under the FLSA and are not asserting state-law contract claims based on written policies or an employment contract. Doc. 1 at 1, 8. The distinction is material.
> …
> That is, *Lord* does not answer the question of whether the State of Georgia waived sovereign immunity for claims under the FLSA.

(Doc. 20 pp 9-10). The district court, and Appellees in their Response, cite *Avery v. City of Talladega*, 24 F.3d 1337 (11th Cir. 1994) claiming that this case holds state law contract claims and claims brought under the FLSA are distinct, and must be evaluated under separate frameworks. (Doc. 20 p 9-10; Appellees' Brief p 28). That analysis is incorrect.

7

In *Avery*, this Court held that an employer could contract for benefits (i.e.- holiday and relief days) beyond what the FLSA requires. *Avery*, 24 F.3d at 1348. This Court held in *Avery* that "the district court erred in holding that the FLSA pre-empts a state law contractual claim that seeks to recover wages for time that is compensable under the contract though not under the FLSA." *Id.* ("If a violation of the FLSA has occurred, then a violation of the contract, which incorporates the FLSA, will have occurred as well."). This is an important distinction from the district court's ruling here. Here, Appellants do not contend that the FLSA *pre-empts* a state law contractual claim; but rather, that sovereign immunity defense does not apply to FLSA violations in the same way such a defense would fail under a breach of employment contract claim such as the claims in *Lord*.

Appellees also cite to *Powell v. Florida*, 132 F.3d 677 (11th Cir. 1998) to show that FLSA claims against a state are barred based on the State's Eleventh Amendment immunity. The short decision in *Powell* does not analyze or address the claims or defenses raised, especially in light of the subsequent ruling in *Lord*. Moreover, the claims were brought against the state of Florida, rather a county in Georgia.

Both *Avery* and *Powell* are distinguishable from the present case and not relevant to the issue of Sheriff Jump's sovereign immunity defenses. The ruling in

8

*Lord* should control: the payment of wages to government employees is not barred by any statutory immunity.

## CONCLUSION

Appellants respectfully request that the Court consider this case *en banc*, and hold that Appellants may sue Sheriff Jump in his individual capacity. This Court also should reverse the district court's dismissal of the case and remand with instructions that Appellants have leave to file their proposed Second Amended Complaint.

Respectfully submitted this May 21, 2021.

**HALL & LAMPROS, LLP**

*/s/ Patrick J. Hannon*
Patrick J. Hannon
Ga. Bar # 074321
**Hall & Lampros, LLP**
400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
Patrick@hallandlampros.com

*Attorney for Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that on this May 21, 2021, the foregoing **REPLY BRIEF OF APPELLANTS** was filed electronically through the CM/ECF system, which will automatically send a copy of the filing to the following attorneys of record for Defendant:

>Richard K. Strickland
>Brown, Readdick, Bumgartner, Carter, Strickland
>& Watkins, LLP
>P.O. Box 220
>5 Glynn Avenue
>Brunswick, GA 31521-0220
>Email: rstrickland@brbcsw.com
>
>Aaron W. Mumford
>Glynn County Attorney's Office
>701 G St.
>2nd FL
>Brunswick, GA 31520
>Email: amumford@glynncounty-ga.gov

>**HALL & LAMPROS, LLP**
>
>*/s/ Patrick J. Hannon*
>Patrick J. Hannon
>Ga. Bar # 074321
>Hall & Lampros, LLP
>400 Galleria Pkwy SE
>Suite 1150
>Atlanta, GA 30339
>Tel.: (404) 876-8100
>Fax: (404) 876-3477
>Patrick@hallandlampros.com
>*Attorney for Appellants*

10